UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS JR.,

        Plaintiff,

v.

KECIA RONGEN, *et al.*,

        Defendants.

CASE NO. **3:21-cv-05682-TSZ-DWC**

REPORT AND RECOMMENDATION

Noting Date: October 8, 2021

    Plaintiff John Demos, Jr., a state prisoner, has filed a motion for leave to proceed *in forma pauperis* ("IFP") and a proposed civil rights complaint. Dkt 1; Dkt. 1-1. As discussed below, the Court denies the IFP motion and dismisses without prejudice the proposed complaint.

    Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968, 969 (Wash. 1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). An

1 order of this Court provides for the return without filing of any petition that seeks an
2 extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the
3 filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition,
4 Plaintiff may submit only three IFP applications and proposed actions each year. *See In re John*
5 *Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]. The 1992 Bar
6 Order further provides that this Court will not accept for filing a proposed complaint unless it "is
7 accompanied by an affidavit that the claims have not been presented in any other action in any
8 court and that [Plaintiff] can and will produce evidence to support his claims." *Id.* at 3.

9       Here, in his proposed complaint, Plaintiff alleges that he is in imminent danger of serious
10 physical injury because prison employees do not regularly wear facemasks, "which exposes
11 Plaintiff to [a] high risk of contracting Covid-19." *See* Dkt. 1-1 at 6. However, Plaintiff has
12 surpassed his annual limit of three IFP actions. Report and Recommendation at 2, *Demos v.*
13 *Federal PREA Reporting Office*, 2:21-cv-01221-RAJ (W.D. Wash. Sept. 14, 2021) (collecting
14 cases), Dkt. 2. Furthermore, Plaintiff did not submit the separate affidavit that the 1992 Bar
15 Order requires.

16       Accordingly, it is **RECOMMENDED** that Plaintiff's IFP motion (Dkt. 1) be **DENIED**,
17 that his proposed complaint (Dkt. 1-1) be **DISMISSED** without prejudice, and that this case be
18 **CLOSED**.

19       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have
20 **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P.
21 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
22 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
23
24

REPORT AND RECOMMENDATION - 2

imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 8, 2021 as noted in the caption.

Dated this 20th day of September, 2021.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge